UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEIDRE L. DENNIS, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) vs. ) ) TRANS UNION, LLC ) ) Defendant. ) ) | C. A. No. 2:14-cv-02865-RB<br><br>CLASS ACTION |

**PLAINTIFF'S RESPONSE IN OPPPOSITION TO
DEFENDANT'S MOTION TO STAY THE ACTION**

Plaintiff Deidre L. Dennis, by counsel, hereby responds in opposition to Defendant Trans Union, LLC's Motion to Stay the Action. For the reasons set forth more fully in the accompanying Memorandum of Law, the Motion should be denied in its entirety.

Dated: August 7, 2015                          Respectfully submitted,

                                                                       **FRANCIS & MAILMAN, P.C.**

By:    */s/ John Soumilas*
        James A. Francis
        John Soumilas
        David A. Searles
        Lauren KW Brennan
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        Tel. (215) 735-8600

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEIDRE L. DENNIS, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) v. ) ) TRANS UNION, LLC ) ) Defendant. ) ) | C. A. No. 2:14-cv-02865-RB CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO STAY THE ACTION</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. Trans Union's Motion To Stay Is Premature ...........................................................3

        1. A Stay Of Ongoing Discovery Would Be Inefficient .................................3

        2. Plaintiff Has Not Yet Moved For Class Certification .................................5

        3. Applicable Case Law, Including The *Ramirez* And *Larson* Stay Orders, Do Not Support A Stay At This Stage ....................................6

    B. Plaintiff's Clear Article III Standing Is Sufficient For Class Certification Purposes ........................................................................................8

    C. The Narrow Issues Raised In *Spokeo* And *Tyson Foods* Are Not Before This Court And Will Not Affect This Litigation .......................................11

        1. Article III Standing Is Not At Issue Here And The FCRA Portion Of *Spokeo* Is Not Subject to Supreme Court Review .......................................................................................................11

        2. The Supreme Court's Consideration Of The Issues Presented In *Tyson Foods* Will Not Impact This Case ..............................13

    D. A Stay Would Harm Plaintiff, And Defendant Has Failed To Carry Its Burden of Showing A Clear Case of Hardship Or Inequity ............................15

III. CONCLUSION ...................................................................................................................16

Plaintiff Deidre L. Dennis, by counsel, hereby submits this memorandum of law in support of her response in opposition to Defendant Trans Union, LLC's Motion to Stay the Action (Motion).

## I.     INTRODUCTION

Plaintiff brings three claims under the Fair Credit Reporting Act (FCRA or Act) – at sections 1681e(b) (for inaccurate credit reporting), 1681g(a) (for misleading disclosures) and 1681i(a) (for failures to reasonably reinvestigate disputes). She alleges both negligent and willful violations of the Act, and seeks statutory damages, actual damages, punitive damages, and attorney's fees and costs. *See* Dkt. No. 1. Discovery is ongoing and in all likelihood will need to be extended, as written discovery is complex and no fact witnesses have been deposed to date. Plaintiff has not moved for class certification, and will not be ready to do so in the immediate future given certain significant delays by Trans Union in answering discovery, which Trans Union has been answering in phases.

Despite the nature of this case, Trans Union now argues that this entire litigation should be halted allegedly because the U.S. Supreme Court has accepted two cases for its fall 2015 docket. Def. Mem., Dkt. No. 37, citing *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014); *Spokeo, Inc. v. Robins*, No. 13-1339, 2015 WL 1879778, at *1 (U.S. Apr. 27, 2015) (hereinafter "*Spokeo*") and *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 793 (8th Cir. 2014); *Tyson Foods, Inc. v. Bouaphakeo*, 135 S. Ct. 2806 (2015) (hereinafter "*Tyson Foods*."). Trans Union asserts that *Spokeo* and *Tyson Foods* will impact a possible certification of a statutory damages class for a willful violation of the FCRA here.

Trans Union's motion should be denied. The motion is very premature given the posture of this case. There is much discovery to be completed and other issues to be advanced in litigation

1

with respect to all three of Plaintiff's claims, which are completely unrelated to *Spokeo* and *Tyson Foods*. Moreover, Trans Union is mistaken in asserting that *Spokeo* and *Tyson Foods* will affect even the single statutory damages willful violation claim in this case. Unlike the plaintiffs in *Spokeo* and *Tyson Foods*, Ms. Dennis here was denied a loan initially and was delayed in closing on that loan and also suffered other cognizable actual injury under the FCRA, which underpins her statutory damages claim. Defendant cannot satisfy its heavy burden to show that a stay is warranted in this case, and its motion should therefore be denied.

## II. ARGUMENT

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The proponent of a stay must "make out a clear case of hardship or inequity" in being required to go forward with litigation. *Id.* Further, the proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (stay should not have been granted); *CTF Hotel Holding, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, (3d Cir. 2004) (party seeking a stay "must state a clear countervailing interest to abridge a party's right to litigate.").

In determining whether a stay would be fair and efficient, courts in the Third Circuit will look to several factors, including: "(1) the length of the requested stay; (2) the hardship or inequity that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy." *Pa. State Troopers Ass'n v. Pawlowski,* No. 09–cv–1748, 2011 WL 9114, at *1 (M.D. Pa. Jan. 3, 2011) (internal quotations omitted). The party seeking the stay must demonstrate "a clear case of hardship or inequity, if there is even a fair possibility that the stay would work damage on another

2

party." *Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983).

District courts have discretion to stay or not stay proceedings before them. *Landis*, 299 U.S. at 254. *See also Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). Within this District, courts have routinely exercised their discretion to deny motions for stays. *Weitzner v. Sanofi Pasteur, Inc.*, No. 11-cv-2198, 2012 WL 1677340, at *8 (M.D. Pa. May 14, 2012) (stay motion denied); *J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*, No. 11-cv-1751, 2012 WL 2050923, at *4 (M.D. Pa. June 7, 2012) (stay motion denied); *Moeller v. Bradford Cnty.*, No. 05-cv-0334, 2007 WL 431889, at *2 (M.D. Pa. Feb. 5, 2007) (stay motion denied).[1]

### A.      **Trans Union's Motion To Stay Is Premature**

Even assuming that the results of the Supreme Court's consideration of *Spokeo* and *Tyson Foods* will affect one aspect of this case (which they will not), a stay at this stage of the case would be premature and inefficient.

#### 1.      **A Stay Of Ongoing Discovery Would Be Inefficient**

In addition to the FCRA section 1681g(a) class claim, Plaintiff also has individual claims under FCRA section 1681e(b) for inaccurately reporting that she had an outstanding New York state tax lien in the amount of $33,194, instead of a satisfied $3,194 tax lien, and under FCRA section 1681i(a) for Trans Union's failure to properly reinvestigate her disputes of the inaccurate reporting. Moreover, both Plaintiff's class claim and her individual claims allege negligent and willful non-compliance, and she thus seeks both actual and statutory damages. Compl., Dkt. No. 1 at ¶¶45-53 and Prayer for Relief.

---

[1]   *See also Akishev v. Kapustin*, No. 13-cv-7152, 2014 WL 2608388 (D.N.J. May 28, 2014) (stay motion denied); *Shirsat v. Mut. Pharm. Co.*, No. 93-3202, 1995 WL 695109, at *1 (E.D. Pa. Nov. 21, 1995) (stay motion denied).

Per the scope of the Scheduling Order in this case (Dkt. No. 33), Plaintiff has served discovery requests which pertain to all of these claims, which must be completed regardless of the disposition of *Spokeo* and *Tyson Foods*. Even if the Supreme Court's disposition of *Spokeo* is as broad and sweeping as Trans Union hopes for, and no FCRA willfulness claims can ever be certified as class actions, this case will still go forward, and require substantially the same discovery.

Plaintiff's written discovery and notices of deposition to Trans Union seek information relevant to all of her claims, including information relevant to Trans Union's standardized policies and procedures for obtaining and reporting public record information, disclosing such information, and for handling disputes of such information. Plaintiff has also sought discovery regarding notice to Trans Union about problems with these procedures, which is relevant to Plaintiff's negligence claims, as much as to willfulness claims which may be affected by *Spokeo*.

Trans Union originally objected to producing nearly all of the requested information, and the parties have repeatedly met and conferred in an effort to resolve their disputes. Trans Union has represented that it is conducting a detailed and time-consuming analysis of its records in order to provide complete responses to Plaintiff's interrogatories, and has yet to provide these responses.

Regardless of the results of *Spokeo* and *Tyson Foods*, Plaintiff is entitled to complete responses to her discovery requests, and Trans Union has agreed to provide them. A stay of the case at this stage would halt this analysis, and would require Trans Union to repeat its efforts at a later date, both to replicate the current analysis, and to account for consumers affected by Trans Union's practices throughout the duration of the stay. Such repetition would be completely inefficient and would frustrate the purpose of a stay, which is to promote judicial economy. *Pawlowski,* 2011 WL 9114, at *1.

There is simply no reason to stay the case at this juncture and prevent the parties from completing discovery, including depositions of both Plaintiff and Trans Union's corporate representatives, which will need to be completed regardless of the outcome of *Spokeo* and *Tyson Foods*.

### 2. Plaintiff Has Not Yet Moved For Class Certification

It is impossible to evaluate Defendant's assertion that the existence of class-wide injury cannot be established here, without the benefit of full discovery and Plaintiff's identification of the class(es) she actually seeks to represent. Trans Union's argument boils down to a preemptive challenge to Rule 23 commonality, which cannot possibly be at issue because Plaintiff has not moved for the certification of any class.

Consideration of class allegations is generally improper prior to a plaintiff's motion for certification. *Landsman & Funk PC v. Skinder-Strauss Assoc.,* 640 F.3d 72, 93 (3d Cir. 2011) (rigorous analysis of Fed. Rule Civ. P. 23 factors generally not possible prior to discovery and motion for class certification); *Dobkin v. Enterprise Fin. Grp., Inc.*, No. 14-cv-01989, 2014 WL 4354070, at *6 (D.N.J. Sept. 3, 2014) (challenge to class allegations before motion for certification and pre-certification discovery was premature). *See also Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 680-81 (E.D. Pa. 2011) (collecting cases within the Third Circuit declining to dismiss class allegations prior to a motion for class certification). This is logical, given that neither plaintiffs nor courts are bound by class definitions plead in the complaint. *Chakejian v. Equifax Info. Servs.*, *LLC*, 256 F.R.D. 492, 497 (E.D. Pa. 2009) (neither class representative nor court bound by the proposed class definitions set in the complaint); Fed. R. Civ. P. 23(c)(1) (class definitions may change at any time throughout the course of litigation). *See also LaRocque v. TRS Recovery Servs.,*

5

*Inc.*, 285 F.R.D. 139, 152 (D. Me. 2012) (class representative may seek to certify all or only certain selected claims at her election); *Bafus v. Aspen Realty, Inc.*, 236 F.R.D. 652, 655 (D. Idaho 2006).

Under the current Scheduling Order, class certification briefing is to take place between late October 2015 and the early part of 2016. Dkt. No. 33. Even that is ambitious given Trans Union's delays to date. Plaintiff should be entitled to complete discovery, including the production of complete interrogatory responses, depositions of one or more Trans Union representatives, and full expert discovery, before presenting which class or classes she seeks to represent, appropriately tailored based upon discovery. Defendant's bald assertion that no class can be certified here cannot be accepted at face value, without the benefit of full discovery and briefing.

### 3. Applicable Case Law, Including The *Ramirez* And *Larson* Stay Orders, Do Not Support A Stay At This Stage

None of the authorities Trans Union references in its Motion, including the orders staying the *Ramirez v. Trans Union, LLC* and *Larson v. Trans Union, LLC* matters, support a stay in the midst of discovery and before class certification is briefed. Def. Mem., Dkt. No. 37 at p. 11 (citing *Ramirez v. Trans Union, LLC*, No. 12-cv-632, Dkt. No. 184 (N.D. Cal. June 22, 2015) and *Larson v. Trans Union, LLC*, No. 12-cv-5726, 2015 WL 3945052, at *7-8 (N.D. Cal. June 26, 2015)). In both the *Larson* and *Ramirez* matters, discovery was bifurcated, and the parties had completed discovery related to class certification. The *Ramirez* and *Larson* plaintiffs presented detailed class certification briefs, including classes identified and tailored based upon the results of discovery. *See, e.g.*, *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 417 (N.D. Cal. 2014) (order certifying class narrower than plead in the complaint); *Larson*, 2015 WL 3945052, at *15 (tentatively certifying class). In *Ramirez*, notice had already been sent to the certified class, and a trial date was imminent. *See* No. 12-cv-632 at Dkt. Nos. 164, 167. The granting of stays in cases where class certification has been fully explored through fact and expert discovery and complete briefing

provide no support for a stay in this case, where discovery regarding related class and individual claims is ongoing.[2]

The other cases to which Trans Union cites similarly provide no support for a stay at this juncture. In *Pawlowski*, the court examined the appropriate standards for a stay despite the fact that the plaintiff did not oppose the stay. 2011 WL 9114, at *1. The stay in *Burlington v. News Corp.* was granted following complete discovery, summary judgement briefing, and just prior to a jury trial. No. 09-cv-1908, 2011 WL 79777, at *2 (E.D. Pa. Jan. 10, 2011). Unlike this case, where Plaintiff's claims will proceed regardless of the disposition of *Spokeo* and *Tyson Foods*, the stay in *Levine v. First Am. Title Ins. Co.* was granted because *both parties agreed* that the reversal of a case on appeal to the Pennsylvania Supreme Court would require the case to be *completely dismissed*. No. 09-842, 2010 WL 2527681, at *3 (E.D. Pa. June 18, 2010). *See also Schwartz v. Lawyers Title Ins. Co.*, No. 09-841, 2010 WL 2527682, at *5 (E.D. Pa. June 18, 2010) (granting stay because disposition of pending appeal could result in complete dismissal of case); *Mendez v. U.S.*, No. 05-cv-1716, 2007 WL 1652267, at *1-2 (D. N.J. June 4, 2007) (granting stay because disposition of Supreme Court review, due to be released in less than four weeks, could result in application of immunity and complete dismissal of case).

As set out below, no decision in *Spokeo* or *Tyson Foods* will actually affect this litigation. But even if Trans Union is correct and the Supreme Court issues one or more sweeping decisions

---

[2] Furthermore, differences between this litigation and the *Ramirez* and *Larson* cases mean that the stays of those cases do not support a possible stay of this litigation even at a later time. In both *Ramirez* and *Larson*, Trans Union had (as the *Ramirez* court put it in its stay order) "modified the conduct about which Plaintiff complains," reducing the harm of a stay. *Ramirez*, No. 12-cv-632, Dkt. No. 184 at pp. 2-3; *See also Larson*, 2015 WL 3945052, at *2 (inadequately-tested computer code causing misleading information to appear on Trans Union for one-month period was remedied in October 2011). Discovery to date in this case has shown no indication that Trans Union has stopped the conduct described in the Complaint.

entirely foreclosing the possibility of an FCRA statutory damages class action, this case will nevertheless go forward, and require essentially the same discovery that is currently underway with respect to the negligent non-compliance theory that Plaintiff brings here as well as her related individual claims.  Defendant's Motion should therefore be denied.

**B.**     **Plaintiff's Clear Article III Standing Is Sufficient For Class Certification Purposes**

In the case at bar there is no serious question that Plaintiff Dennis has standing to bring this action in federal court.  She has plead injury in fact, in the form of an initial denial of a mortgage loan, and resulting delay in closing, as a result of Trans Union's failure to disclose the actual source of the erroneous tax lien it reported about her, and carried her burden through the motion to dismiss stage and initial discovery.  *See* Complaint, Dkt. No. 1 at ¶¶ 26, 31-34.[3]  Even in its heavily-briefed motion to dismiss, Defendant has never argued that Dennis cannot bring this suit in federal court, or that she should have brought it in state court, which has concurrent jurisdiction over the FCRA.  15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction . . .").

The fact that Dennis may at some point make an *election of remedies* of statutory damages available under FCRA section 1681n, as opposed to actual damages for negligent non-compliance under FCRA section 1681o, is a strategic decision.  *See Murray v. GMAC Mortg. Corp.,* 434 F.3d 948, 952-53 (7th Cir. 2006) (Easterbrook, J.).  There would be nothing unusual or inappropriate

---

[3]     Furthermore, the denial of certain information to which consumers have a right is an "informational injury" widely recognized as cognizable actual harm which supports Article III standing.  *See Ryals v. Strategic Screening Solutions, Inc.*, ___ F. Supp. 3d ___, 2015 WL 4606168, at * 4-6 (E.D. Va. July 30, 2015) (citing, *inter alia*, *Fed. Election Comm'n v. Atkins*, 524 U.S. 11, 22 (1998)).  As the *Ryals* court astutely recognized, "[i]t would be passing strange for Congress to have created the FCRA, a rather extensive set of private rights the violation of which gives rise to damages that are available to individual consumers . . . but leave the holders of those rights without standing to enforce them."  *Id.* at *6.

8

about such as decsion, if and when it is made, and such a litigation strategy does not deprive this Court of subject matter jurisdiction under Article III.

Moreover, under Third Circuit precedent the fact that a class representative has Article III standing is sufficient to invoke federal court jurisdiction, even if other class members do not have standing. Article III standing is determined vis-a-vis the named parties. *See In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions*, 148 F.3d 283, 306 (3d Cir. 1998). "Once threshold individual standing by the class representative is met . . . there remains no further separate class standing requirement in the constitutional sense." *Id.* at 306-07 (internal citations omitted); *In re Plastics Additives Antitrust Litig.*, No. 08-cv-3358, 2009 WL 405522, at *1 (3d Cir. Feb. 19, 2009).[4]

> As one court put it:
>
> In this Circuit, case law is clear that "[o]nce threshold individual standing by the [named plaintiffs] is met, a proper party to raise a particular issue is before the court, and there remains no further separate class standing requirement in the constitutional sense." *In re Prudential Ins.*, 148 F.3d at 306-07 (citation omitted). Thus, absent class members are not required to make a similar showing, and the "issue [becomes] one of compliance with the provisions of Rule 23, not one of Article III standing." *Id.* at 307 (citation omitted). . . . Thus, contrary to [defendant's] assertions, unnamed Plaintiffs in the class need not make a separate showing of injury in fact, and standing is not an obstacle to certification of the class for settlement purposes.

*In re Ins. Brokerage Antitrust Litig.*, No. 04-cv-5184, 2007 WL 2589950, at *14 (D.N.J. Sept. 4,

---

[4] Other circuit courts and even the U.S. Supreme Court have held the same. "In a class action, standing is satisfied if at least one named plaintiff meets the requirements. . . . Thus, we consider only whether at least one named plaintiff satisfies the standing requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007); *see also Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 865 (9th Cir. 2014). More recently, "the Ninth Circuit insisted that only the standing of the representative party matters anyway: '[O]ur law keys on the representative party, not all of the class members, and has done so for many years.'" *Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472, 476 (S.D. Cal. 2013) (citing and quoting *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th Cir. 2011)). *Cf. O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."). Whether an action presents a "case or controversy" under Article III is determined vis-a-vis the named parties. *Allee v. Medrano*, 416 U.S. 802 (1974).

2007) *aff'd.*, 579 F.3d 241 (3d Cir. 2009).

The leading class action treatise agrees: "Once threshold individual standing by the class representative is met, a proper party to raise a particular issue is before the court, and there remains no further separate class standing requirement in the constitutional sense." 1 *Newberg on Class Actions* § 2.05 at 2–29 (3d Ed.1992).

The injury or lack of injury of absent class members may become an issue under Rule 23, but the outcome of that issue will depend upon the requirements of the substantive law on which the class claims are based, not upon Article III. Once the named plaintiff satisfies Article III, the absentee class members are not required to make a similar showing, because once the named parties have demonstrated they are properly before the court, "the issue [becomes] one of compliance with the provisions of Rule 23, not one of Article III standing." *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 122 (3d Cir.1985), *aff'd,* 482 U.S. 656 (1987).

Under the FCRA, injury could be an issue for negligence claims but it is *irrelevant* for willful violations of the FCRA. *See Murray v. GMAC Mortg. Corp.,* 434 F.3d at 952-53; *Bateman v. American Multi–Cinema, Inc.*, 623 F.3d 708, 720-21 (9th Cir. 2010); *Ramirez v. Trans Union, LLC*, 301 F.R.D. at 421.[5] For FCRA willful non-compliance claims, therefore, injury is simply not relevant to Article III or to Rule 23 as far as absentee class members are concerned.

The rule of law set forth in *In re Prudential* and *Goodman* is not on appeal in either *Spokeo* or *Tyson Foods*, and is binding upon this Court. For this reason also, whatever the results of the Supreme Court's consideration of Article III standing in *Spokeo* it cannot affect this case. A stay

---

[5] Defendant's citation to *Joint Stock Soc'y v. UDV N. Am., Inc.* and *Fair Housing Council of Suburban Phila. v. Main Line Times* is not to the contrary, and exemplifies Defendant's confusion between Article III standing and the burden of proof for FCRA statutory damages. Def. Mem., Dkt. No. 37 at p. 3 (citing *Joint Stock*, 266 F.3d 164 (3d Cir. 2001) and *Fair Housing*, 141 F.3d 439 (3d Cir. 1998)). As set forth in section C.1., *infra*, these are separate issues.

10

of the proceedings here is therefore inappropriate.

C. **The Narrow Issues Raised In *Spokeo* And *Tyson Foods* Are Not Before This Court And Will Not Affect This Litigation**

1. **Article III Standing Is Not At Issue Here And The FCRA Portion Of *Spokeo* Is Not Subject to Supreme Court Review**

Defendant's motion largely confuses the Article III holding of *Robins v. Spokeo* with the elements proscribed by Congress for a willful violation of the Fair Credit Reporting Act (FCRA). Defendant thus assumes that *if* the U.S. Supreme Court reverses *Spokeo* that ruling will necessarily impact this case. There is no basis to conclude that the Ninth Circuit's holding in *Robins v. Spokeo* will be reversed. But even if it is, such a reversal would not impact this case.

*Spokeo* examines the pleading requirements for Article III standing. In that case, "Spokeo moved to dismiss [the complaint] for lack of subject-matter jurisdiction on the ground that Robins lacked Article III standing." *Robins v. Spokeo, Inc.*, 742 F.3d at 411. The Ninth Circuit held that Robins' claim of "violations of statutory rights" standing also constitute "*de facto* injuries," thus conferring Article III standing upon the plaintiff even absent an allegation of any actual harm or injury in fact. *Id.* 413.

In *Robins v. Spokeo* the Ninth Circuit separately stated the well-known rule that a "statutory cause of action does not require a showing of actual harm when a plaintiff sues for willful violations [under FCRA] § 1681n(a)." *Id.* at 412. But this separate finding is not constitutional in nature. It merely construes FCRA section 1681n, and follows other circuit courts which set forth the statutory requirements or elements for a cause of action for willful non-noncompliance of the FCRA. *See* 15 U.S.C. § 1681n(a) (no causation or actual harm requirement); *see also Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705–07 (6th Cir. 2009) (ruling that the FCRA permits a recovery when there are no clearly measurable or actual damages); *Murray v. GMAC Mortg. Corp.*, 434 F.3d at

11

952–53 (ruling that the FCRA "provide[s] for modest damages without proof of injury").

The only issue that the Supreme Court will review in *Spokeo* is the Article III constitutional issue. *See Spokeo, Inc. v. Robins*, 2015 WL 1879778, at *1. That constitutional issue, however, has never been raised and is not present in the case at bar. Thus, the ruling in *Spokeo*, whatever it might be, will not affect this case.

Defendant's argument conflates the Article III subject matter jurisdiction ruling in *Spokeo* with the concept that the FCRA does not "require" plaintiff to prove every class member's injuries because that "is not an element of the disclosure claims or statutory damages." *See, e.g. Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 421 (N.D. Cal. 2014) (certifying class of consumers seeking FCRA statutory damages and finding that no proof of actual harm was required, in contrast to state law claim). This analysis, however, simply construes the federal and state statutory claims at issue. Federal and state legislatures can, and do, impose differing requirements or elements on different statutory causes of action. These differing elements go to the burden of proof that a litigant has – they are not an affirmation or abdication of Article III standing.

The fact that Plaintiff Dennis and any class(es) she will seek to represent are not *required* to show actual harm to show a willful violation of the FCRA simply is not tantamount to a finding that they lack Article III standing, as Defendant suggests. Rather, it is simply the burden of proof that Congress proscribed for a particular claim, which entitles consumers to pre-set statutory damages in the range of $100-$1,000. By proscribing this burden of proof Congress realized that some consumer injuries may be small or difficult to calculate. In addressing a similar challenge in an FCRA statutory damages class action, the Seventh Circuit Court of Appeals explained that the fact that "actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury." *Murray v. GMAC Mortg. Corp.,* 434

F.3d at 952-53.  *See also Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009) ("This court has recognized that even though statutory damages may be used in cases where no actual damages were incurred, they are also often employed where damages are difficult or impossible to calculate.").

In this case, Plaintiff has always claimed that she was injured by Trans Union's failure to provide the actual source of the tax lien information it incorrectly reported to her mortgage lender. *See* Compl., Dkt. No. 1 at ¶¶ 26-27, 29, 31-33.  As set forth in section I.B., *supra*, this is sufficient to establish class-wide standing for purposes of Article III.

At any rate, the issue of how to prove an FCRA section 1681n willful violation is *not* before the Supreme Court in *Spokeo*.  Defendant's Motion should therefore be denied because there is no sound reason to believe that *Spokeo* will speak directly to any issue before this Court.

### 2. The Supreme Court's Consideration Of The Issues Presented In *Tyson Foods* Will Not Impact This Case

There is even less reason to believe that the Supreme Court's consideration of the Eighth Circuit's decision in *Tyson Foods* will have any impact on this litigation.  *Tyson Foods* addresses the standards for certification of a collective action under the Fair Labor Standards Act or a class action under a state wage and hour statute.  765 F.3d at 799-800.  The plaintiffs in *Tyson Foods* argued that the workers in a meat processing plant were not properly compensated for time spent putting on and taking off required protective equipment, and sought actual damages in the form of unpaid overtime pay.  *Id.* at 794-95.  Because the actual time spent on allegedly uncompensated work varied between individual workers, the plaintiff presented evidence of the average amount of uncompensated time based upon a sample of employee time records.  *Id.* at 798-99.  As part of this sampling analysis, plaintiff's expert witness concluded that several hundred members of the class did not work any overtime at all and had no claim for unpaid wages.  *Id.* at 804.

13

After a jury returned a plaintiffs' verdict of over $5.7 million, the defendant appealed, arguing that the state law class and FLSA collective action should be decertified, raising two distinct issues. *Id.* at 796. First, the defendant asserted that the plaintiffs' use of average times based upon a selection of employee observations was an improper sampling procedure. *Id.* at 798-99. The defendant also asserted that because some class members did not work any overtime at all and were not entitled to FLSA actual damages, the class could not be certified. *Id.* at 797. The Eighth Circuit rejected both arguments and upheld certification. *Id.* In its petition for certiorari, the *Tyson Foods* defendant presented the same two issues: (1) "Whether differences among individual class members may be ignored and a class action certified under Federal Rule of Civil Procedure 23(b)(3) . . . where liability and damages will be determined with statistical techniques that presume all class members are identical to the average observed in a sample;" and (2) "Whether a class action may be certified or maintained under Rule 23(b)(3) . . . when the class contains hundreds of members who were not injured and have no legal right to any damages." *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146 (petition for certiorari, available at http://www.supremecourt.gov/qp/14-01146qp.pdf.).

The Supreme Court's order granting certiorari does not indicate which of the two questions it will address, but in any event, neither will impact this litigation. *Tyson Foods*, 135 S. Ct. 2806 (2015). The first question plainly has no connection whatsoever to the case at bar, because no statistical or sampling techniques have been either proposed or used. Given the Supreme Court's previous interest in the use of sampling techniques in connection with the certification of class actions seeking back pay, it is entirely possible that this is the only issue the High Court will address. *See Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541, 2560-61 (2011) (declaring that

14

"trial by formula," determining liability through review of a sample set of class members, is inappropriate under Rule 23).

If the Supreme Court does consider the second question raised in the *Tyson Foods* petition for certiorari, even a reversal of the Eighth Circuit on this issue will have no impact on this case. In contrast to *Tyson Foods*, where the *plaintiffs' own expert* opined that several hundred class members had no harm, Plaintiff here has not yet presented a class for certification, or any evidence or expert opinion regarding the class's damages. There can be no serious comparison between this case, where Plaintiff has plead a class of consumers with cognizable FCRA statutory damages claims, and the class in *Tyson Foods*, where a class claim proceeded to trial, and where it was undisputed that many class members had no claim for relief.

### D. A Stay Would Harm Plaintiff, And Defendant Has Failed To Carry Its Burden of Showing A Clear Case of Hardship Or Inequity

Defendant argues in one sentence that Plaintiff allegedly will suffer no harm at all from a stay. Dkt. No. 37 at p. 4. This bald assumption is mistaken and does not carry Defendant's burden. The stay requested is not simply a question of delay – it is a lengthy delay that in all likelihood would last nearly a year, as experience teaches that the U.S. Supreme Court is known for issuing many decisions at the end of each of its terms, usually in June. In such a long period of time, memories fade, third party witnesses (and there may be several important ones in this case) become hard to find for trial, and even defense witnesses may leave Defendant's employ or become otherwise unfindable. As described above, significant and time-consuming analysis that is relevant to Plaintiff's negligence claims, as well as to any willfulness claims, will need to be repeated.

Defendant appears to argue that having to continue to litigate this case is a hardship. But being required to defend a suit, without more, does not constitute a clear case of hardship or inequity which might require a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

15

Defendant baldly contends that *Plaintiff* will be harmed without a stay, but Plaintiff disagrees and sees no benefit to a stay. Defendant argues that continuing to conduct discovery and allowing full briefing on class certification will be a waste. But Plaintiff has FCRA claims that she can try regardless of what the Supreme Court does in *Spokeo* and *Tyson Foods*. And those triable issues will require the same witnesses and same basic discovery. There is simply no sound basis for finding that a decision that may clarify the pleading requirements for standing in statutory damages cases, or the standard for certification of a wage-and-hour case that has been tried to a jury, will meaningfully impact the orderly administration of justice in this case. At the end of the day, Defendant simply fails to carry its burden of showing that the extraordinary relief of the lengthy stay that it seeks is necessary, as opposed to merely desired by one party for its benefit alone.

## III.    CONCLUSION

For all the foregoing reasons, Plaintiff Deidre L. Dennis respectfully requests that the Court deny the Defendant's Motion to Stay the Action.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

Dated: August 7, 2015         BY:    */s/ John Soumilas*
    JAMES A. FRANCIS
    JOHN SOUMILAS
    DAVID A. SEARLES
    LAUREN KW BRENNAN
    Land Title Building, 19th Floor
    100 South Broad Street
    Philadelphia, PA 19110
    (215) 735-8600

*Attorneys for Plaintiff*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on this date and that service is therefore being made electronically on the following counsel of record for Defendant.

Casey Green, Esq.
SIDKOFF PINCUS & GREEN, P.C.
1101 Market Street, Ste. 2700
Philadelphia, PA 19107
(215) 574-0600
(215) 574-0310 (fax)

Stephen J. Newman, Esq. (pro hac vice)
Brian C. Frontino, Esq. (pro hac vice)
Alisa M. Taormina, Esq. (pro hac vice)
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, CA 90067-3086
(310) 556-5800
(310) 556-5959 (fax)

Robert Schuckit, Esq. (pro hac vice)
William R. Brown, Esq. (pro hac vice)
Camille R. Nicodemus, Esq. (pro hac vice)
Andrew M. Lehman, Esq. (pro hac vice)
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, Indiana 46077
(317) 363-2400
(317) 363-2257 (fax)

Dated:  August 7, 2015                             */s/ John Soumilas*
                                                                 John Soumilas