**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEIDRE L. DENNIS, on behalf of herself and all others similarly situated, | : : : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  14-2865 |
| TRANS UNION, LLC | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                    January 12, 2016

Currently pending before the Court is the Motion to Stay by Defendant Trans Union, LLC ("Defendant") pending decisions from the United States Supreme Court in Tyson Foods, Inc. v. Bouaphakeo, 135 S. Ct. 2806 (2015) (granting petition for writ of certiorari), and Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (2015) (granting petition for writ of certiorari).  For the following reasons, the Motion is denied without prejudice.

## I.   FACTUAL BACKGROUND

Plaintiff Deidre Dennis ("Plaintiff") initiated the present litigation on May 20, 2014, setting forth three causes of action: (1) Defendant's failure to accurately and completely disclose the true source of its public records information about Plaintiff in her consumer file disclosure in violation of 15 U.S.C. § 1681(g) and pursuant to 15 U.S.C. §§ 1681n and 1681o (Class Claim); (2) Defendant's failure to maintain reasonable procedures to ensure maximum possible accuracy of the report it prepared about Plaintiff, in violation of 15 U.S.C. § 1681e(b) and pursuant to 15 U.S.C. §§ 1681n and 1681o; and (3) Defendant's failure to conduct a reasonable re-investigation

after receiving Plaintiff's notice of dispute, in violation of 15 U.S.C. § 1681i(a)(1)(A) and pursuant to 15 U.S.C. §§ 1681n and 1681o.[1]  (Compl. ¶¶ 45–52.)  The essence of these claims is that Defendant systematically misrepresents to consumers the source of the public record information—such as civil judgments, tax liens, and bankruptcies—that it places on their consumer reports.  (Id. ¶ 1.)  Such misrepresentation deprives consumers of valuable congressionally-mandated information and makes it more difficult for consumers to correct errors relating to those public records, which are caused by Defendant and/or its private vendor sources, rather than by any courthouse or other government body that Defendant misidentifies as its source for that information.  (Id.)  Defendant filed a Motion to Dismiss Count One of Plaintiff's Class Action Complaint on July 25, 2014, which this Court denied on October 20, 2014.  See Dennis v. Trans Union, LLC, No. Civ.A.14-2865, 2014 WL 5325231 (E.D. Pa. Oct. 20, 2014).

Defendant filed a Motion to Stay, as well as a Request for Judicial Notice in Support of its Motion to Stay, on July 7, 2015.  Plaintiff responded on August 7, 2015.  Defendant submitted a Reply, as well as a Supplemental Request for Judicial Notice in Support of its Motion to Stay, on August 21, 2015.  Defendant submitted a Notice of Supplemental Authority on September 4, 2015, and submitted an additional Notice of Supplemental Authority on October 29, 2015.  The Motion to Stay is now ripe for judicial consideration.

## II.   STANDARD OF REVIEW

In general, the power to temporarily stay proceedings lies within the informed, sound discretion of the district courts.  Nicholas v. Wyndham Int'l, Inc., 149 F. App'x 79, 81 (3d Cir.

---

[1] The Court set forth in detail the factual allegations of the Complaint in its Opinion of October 20, 2014, which denied Defendant's Motion to Dismiss Count One of the Complaint. See Dennis v. Trans Union, LLC, No. Civ.A.14-2865, 2014 WL 5325231, at *1–3 (E.D. Pa. Oct. 20, 2014).  In lieu of repeating that entire discussion, the Court incorporates by reference that portion of its Opinion into this Memorandum.

2005) (citing <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.")).

The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."  <u>Landis</u>, 299 U.S. at 255.  "The proponent of a stay bears the burden of establishing its need."  <u>Clinton v. Jones</u>, 520 U.S. 681, 708 (1997) (citing <u>Landis</u>, 299 U.S. at 255; <u>see</u> <u>also</u> <u>CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.</u>, 381 F.3d 131, 139 (3d Cir. 2004) ("The opposing party must state a clear countervailing interest to abridge a party's right to litigate.")  "When deciding a motion to stay proceedings pending the resolution of another action in federal court, courts have considered three factors: '(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay.'"  <u>Cirulli v. Bausch & Lomb, Inc.</u>, No. Civ.A.08-4579, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009) (quoting <u>Ciolli v. Iravani</u>, No. Civ.A.08-2601, 2008 WL 4412053, at *2 (E.D. Pa. Sept. 23, 2008)).

## III.    DISCUSSION

Defendant moves to stay this action for the following reasons: (1) in Defendant's opinion, Plaintiff will not suffer harm because (a) "a mere delay in monetary recovery is insufficient to deny a motion to stay," and (b) awaiting decisions in <u>Tyson Foods</u> and <u>Spokeo</u> before proceeding with Plaintiff's proposed class action "could significantly narrow the issues;" (2) denying a stay would harm both parties because they would be required to expend significant time and resources conducting fact and expert discovery, preparing pretrial motions, including class

3

certification briefing, and preparing for trial, all while the Supreme Court may materially alter the applicable legal standard; and (3) a stay would promote the orderly course of justice and conserve judicial resources by allowing this Court the benefit of Supreme Court guidance prior to commencing the next phase of this litigation.  (Def.'s Mem. Supp. Mot. Stay 4–5.)  Having considered the parties' briefs and supporting materials, the Court finds that Defendant has not met its burden in establishing the need for a stay in this case.  Accordingly, the Court will deny Defendant's Motion to Stay.

### A.  Promotion of Judicial Economy

Defendant argues that a stay in this case will promote judicial economy because (1) if the Supreme Court holds in Tyson Foods that a class may not be certified where it contains members who were not injured and have no legal right to any damages, Plaintiff's proposed class cannot be certified; and (2) if the Supreme Court holds in Spokeo that proof of actual harm is necessary to recover statutory damages under the FCRA, Plaintiff's proposed class cannot be certified, and this Court will no longer need to resolve discovery issues, review pretrial briefs, or try Plaintiff's § 1681g(a)(2) claim as a class claim.  (Def.'s Mem. Supp. Mot. Stay 13.)  Defendant also expresses concern that the Court would "have to commit significant resources to addressing complex legal issues, which it may need to revisit at length after the Supreme Court rules."  (Id. at 10.)

Plaintiff responds that Defendant's Motion to Stay is premature and inefficient, both because of the ongoing discovery in this case and because Plaintiff has not yet moved for class certification.  First, with respect to discovery, Plaintiff argues that even if the eventual decisions in Tyson Foods or Spokeo affect one aspect of her case—which she maintains they will not—a stay of the already ongoing discovery in this case would be inefficient, because (1) in addition to

4

the proposed class claim under § 1681g(a)(2), she has individual claims under § 1681e(b) and § 1681i(a); and (2) both her class claim and her individual claims allege negligent and willful non-compliance, for which she seeks actual damages and statutory damages.  (Pl.'s Resp. Opp'n Mot. Stay 3.)  According to Plaintiff, even if no FCRA willfulness claims can ever be certified as class actions as a result of the "broad and sweeping" <u>Spokeo</u> disposition that Defendant is hoping for, her case will still proceed and require substantially the same discovery as it would if all her claims go forward.  (<u>Id.</u> at 4.)  Plaintiff argues further that if a stay were granted, and current discovery relating to consumers affected by Defendant's practices had to be repeated to account for consumers affected by those practices during the duration of the stay, such repetition would be inefficient and would therefore frustrate one of the purposes of a stay—promoting judicial economy.  (<u>Id.</u>)  Second, with regard to class certification, Plaintiff argues that Defendant's assertion—that the existence of a class-wide injury cannot be established—is impossible to evaluate without the benefit of full discovery and Plaintiff's identification of the class(es) she actually seeks to represent.  (<u>Id.</u> at 5.)  Plaintiff asserts that Defendant's argument is essentially a preemptive challenge to Rule 23 commonality, which cannot be at issue because Plaintiff has not yet moved for the certification of any class.  (<u>Id.</u>)

The current Scheduling Order in this case requires Plaintiff to file a Motion for Class Certification by February 18, 2016, with Defendant's Response due April 4, 2016, and any Reply from Plaintiff due May 4, 2016.  (<u>See</u> Docket No. 47, Order, Nov. 18, 2015.)  Because Plaintiff has not yet moved to certify a class, the possible impact of the as-yet undecided Supreme Court cases on the makeup of any proposed class and any accompanying factual or legal issues cannot yet be determined.  As a result, it is not clear whether a stay in this litigation would promote judicial economy, or whether it would needlessly delay the progress of Plaintiff's claims as well

as those of potential class members.  If and when Plaintiff moves for class certification, Defendant may again move for a stay if it still believes one is needed.  With respect to the current Motion to Stay, the Court finds that Defendant has not met its burden with respect to the first factor, promotion of judicial economy.  Having found that the first factor has not been satisfied, the Court need not consider the remaining two factors.

## IV.     CONCLUSION

For the foregoing reasons, the Court finds that Defendant has not met its burden in seeking to stay this litigation.  As such, Defendant's Motion to Stay is denied without prejudice to renewal following any motion by Plaintiff to obtain class certification.

An appropriate Order follows.